**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00155-CV**
_____

**IN RE MOUNTAIN VALLEY INDEMNITY COMPANY,
SHANE WADDELL, LONNIE TIDWELL, NATIONAL GENERAL
INSURANCE COMPANY, AND PROSTAR ADJUSTING**

**Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. B-204896**

**MEMORANDUM OPINION**

In a petition asking for a writ of mandamus based on the trial court's allegedly

erroneous ruling denying their motion to transfer venue, Mountain Valley Indemnity

Company, Shane Waddell, Lonnie Tidwell, National General Insurance Company,

and Prostar Adjusting, as Relators, argue that venue for this case lies in Montgomery

County and not Jefferson County where the plaintiff filed it. According to the

Relators, the trial court abused its discretion by refusing to apply a mandatory venue

provision, section 15.011 of the Texas Civil Practice and Remedies Code, to the case

and transfer it to the county where the plaintiff's home, which is the insured property,

1

is located.[1] And failing that, the Relators say that permissive venue does not exist in Jefferson County because the evidence in the venue hearing failed to establish that all or a substantial part of the plaintiff's claims arose in Jefferson County.

We temporarily stayed the proceedings and asked that James Warren Stutts, the real party in interest, file a response.[2] After considering the petition, Stutts's response, and the evidence from the venue hearing, we conclude the Relators have not shown that section 15.011, the mandatory venue provision they rely on in this proceeding, applies to Stutts' claims. With respect to the Relators' argument that permissive venue does not exist to support maintaining the case in Jefferson County, we conclude the Relators have not shown they do not have an adequate remedy to correct the trial court's permissive venue ruling if the evidence admitted in the trial demonstrates that Stutts could sue them under a permissive venue statute in Jefferson County. We lift this Court's order staying the proceedings in the trial court, and we deny the Relators' petition for relief.[3]

## Background

In December 2017, a pipe burst in Stutts' attic, allowing water to escape from the pipe, which damaged his home and some of its contents. Stutts filed an insurance claim against Mountain Valley under the policy it issued insuring his home, but

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 15.011.
[2] *See* Tex. R. App. P. 52.10.
[3] *See id.* 52.8(a).

Mountain Valley and its agents failed to resolve his claims in a manner that satisfied Stutts. While handling the claim, the insurance company examined Stutts after placing him under oath about his claim in Jefferson County.

In November 2019, Stutts sued Mountain Valley, GEICO Insurance Agency, Inc., National General Insurance Company, Prostar Adjusting, Lonnie Tidwell, and Shane Waddell based on tort, contract, and statutes that apply to an insurance carrier's duties when handling claims for benefits available under policies of insurance. Stutts alleged the defendants were liable to him for their respective roles under either the policy, for selling the policy, or their conduct in the manner they handled his claim. While Stutts lives in Montgomery County, Texas, which is where the home insured under Mountain Valley's policy is located, Stutts sued the defendants in Jefferson County, Texas. The record shows that after Stutts sued, the parties participated in an appraisal process involving a court-appointed appraiser who resides in Jefferson County.

In Stutts' live pleading, his Second Amended Petition, Stutts alleged venue was proper in Jefferson County because a substantial part of the defendants' conduct, as it relates to the manner his claim was handled, occurred in Jefferson County.

In response to Stutts' petition, four of the defendants, Mountain Valley, National General, Prostar Adjusting, and Waddell filed motions to transfer venue. They alleged that venue was improper in Jefferson County and asked the trial court

to transfer the case to Montgomery County. Shortly after these four defendants filed their joint motion to transfer, Tidwell joined the joint motion. He also asked that the trial court transfer the case to Montgomery County.[4] In the joint motion to transfer they initially filed, the defendants alleged two venue claims. First, they denied that permissive venue in Jefferson County existed, asserting that Stutts could not establish his claims arose in whole or in part based on their conduct in Jefferson County. Second, they argued that the permissive venue provision applicable to Stutts' claims, section 15.032 of the Civil Practice and Remedies Code, required Stutts to sue them in Montgomery County because under section 15.032 it is the "county in which the insured property was situated" when his loss occurred.[5]

Before the trial court ruled on the defendants' joint motion, Stutts amended his petition twice.[6] The five defendants to the joint motion also amended their motion to transfer, raising four venue claims. First, they alleged Stutts could not establish

---

[4] The sworn mandamus record before us does not show whether GEICO Insurance joined the motion or filed a separate motion to transfer venue. It has not filed a brief in this original proceeding and is not represented by the firm that signed the brief as counsel for the five Relators who filed the petition. The mandamus record reveals that GEICO is the agency that sold Stutts the policy that he alleges covers his claims.

[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.032. The Relators have not argued that section 15.032 required the trial court to transfer venue to Montgomery County in the petition they filed challenging the trial court's rulings.

[6] GEICO Insurance Agency is the sixth defendant, and we cannot tell from the mandamus record before us whether it appeared and whether or not it filed a separate motion to transfer venue. GEICO is also not a party to the mandamus proceeding that the Relators filed in this Court.

that all or a substantial part of his claims arose from their conduct in Jefferson County. Second, they argued that a mandatory venue provision, section 15.011 of the Texas Civil Practice and Remedies Code, fixed venue for Stutts' claims in Montgomery County, since that is the county where his home is located.[7] Third, they reiterated their claim that section 15.032 of the Texas Civil Practice and Remedies Code did not authorize Stutts to sue them in Jefferson County because that statute required them to sue in the county where the property involved in the claim is situated. Fourth, they asked the court to transfer the case to Montgomery County because it offers a more convenient forum for the parties to litigate the dispute.[8]

The trial court conducted a hearing on the motion to transfer in May 2020. Following the hearing, the trial court denied the joint motion. The order the trial court signed does not explain the basis for the court's ruling denying the motion.

Less than a month later, the parties to the joint motion to transfer filed a joint petition seeking a writ of mandamus from this Court. Generally, they argue the trial court abused its discretion by denying their joint motion and in refusing to transfer

---

[7] *Id.* § 15.011 (a mandatory venue provision for actions for recovery of damages to real property); § 15.032 (a mandatory venue for suits against fire, marine, or inland insurance companies).

[8] *See id.* § 15.002(b) (providing that courts may transfer an action from a county of proper venue to any other county of proper venue "[f]or the convenience of the parties and witnesses and in the interest of justice").

the case to Montgomery County.[9] While the Relators' joint motion raised four grounds for transfer, they raise just two of these to support the petition they filed here. First, the Relators argue that section 15.011 of the Civil Practice and Remedies Code is a mandatory venue provision requiring Stutts to sue them in Montgomery County since that's where his home is located.[10] Second, the Relators contend Stutts failed to present sufficient evidence in the venue hearing to establish that an issue of material fact exists on his allegations that his claims against the defendants arose in substantial part in Jefferson County.[11]

Analysis

*Mandatory Venue*

The Legislature has given parties the right to petition for mandamus should trial courts refuse to enforce a mandatory venue provision set out in Chapter 15 of the Civil Practice and Remedies Code, which includes section 15.011, the section at issue Relators have relied on here.[12] Generally, the plaintiff suing in a Texas court may sue the defendant in any county that it chooses so long as the plaintiff's

---

[9] *See* Tex. R. App. P. 52.1 (authorizing parties to commence appellate proceedings for extraordinary relief, including petitions for mandamus, in the appropriate appellate court).

[10] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011.

[11] *Id*. § 15.002(a)(1) (authorizing parties to sue in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred" if no mandatory venue provision applies to the plaintiff's lawsuit).

[12] *Id*. §§ 15.011, .0642.

pleadings alleges facts sufficient to show the county where the plaintiff sued is a county of permissive venue.[13] Should a defendant challenge the plaintiff's choice of venue by filing a motion to transfer venue, deny the plaintiff's venue allegations, and object to venue in the county where the plaintiff sued, the trial court must determine in a hearing whether the plaintiff has presented prima facie evidence sufficient to show venue is permissible in the county where the plaintiff sued.[14] If the plaintiff in the venue hearing fails to establish the county where the suit was filed is a county of permissive venue, the trial court must transfer the suit to the county where the defendant suggested the case should have been filed, as long as that county is a county of proper venue.[15] And more, when a mandatory venue statute provides the rule controlling venue for the plaintiff's claims, the court must transfer the case to that county if the mandatory venue provision applies.[16]

In their petition, the Relators advance two of the same arguments they made in their joint motion. First, they argue that section 15.011 is a mandatory venue provision that required the trial court to transfer Stutts' suit to Montgomery County because his action seeks damages to real property, Stutts' home. In simple terms, Mountain Valley equates the damages Stutts seeks under his homeowner's policy as

---

[13] *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).
[14] *Id.*
[15] Tex. Civ. Prac. & Rem. Code Ann. § 15.063.
[16] *Id.* §§ 15.011-.020.

7

damages to real property. Second, the Relators argue that the evidence in the venue hearing fails to show that all or a substantial part of his claims arose in Jefferson County.

We disagree with the underlying premise of the Relators' argument, which equates an action for recovery of damages to real property subject to the mandatory venue rules in section 15.011 with an action for claims from the alleged breach of an insurance policy in which the insurer contractually agreed to pay certain property damages claims. It's true that Stutts' policy contains a contract provision that measures the loss (to some degree) by using a reasonable cost to repair calculation of damages.[17] Even so, Stutts' action is for damages under a contract, not to recover

---

[17] In pertinent part, section I, part C2 of Stutts' homeowner's policy provisions that explain the contract measure of damages for claims involving damages to the dwelling provides as follows:

2. Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:

    a.  If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of any deducible and without deduction for depreciation, but not more than the least of the following amounts:

        (1)  The limit of liability under this policy that applies to the building;

        (2)  The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or

damages the Relators inflicted on Stutts' home. Stutts has not sued the defendants claiming they damaged any real property that he owns.

The question of whether section 15.011 applies when a homeowner sues an insurance company to recover damages under the policy is a matter of first impression in this Court, but it is not a matter of first impression in the State. In *Allison v. Fire Insurance Exchange*, the Austin Court of Appeals construed section 15.011 not to exclude actions arising under the contract or for the insurance company's handling of the claim reasoning the homeowner's lawsuit did not involve an action to recover damages to real property.[18] While Stutts' policy includes a measure of the loss payable under the policy as the "necessary amount actually spent to repair or replace the damaged building[,]" should that amount be less than the other measures of damages in the policy, the claim remains a contract action for damages under the policy, it is not an action to recover damages to real property governed by section 15.011.[19] Thus, in *Allison*, the Austin Court of Appeal rejected the insurance company's arguments claiming venue of the suit was improper in

---

(3) The necessary amount actually spent to repair or replace the damaged building.

[18] *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 241-44 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.).

[19] Tex. Civ. Prac. & Rem. Code Ann. § 15.011.

Travis County when the plaintiff sued the company there based on claims arising under a homeowner's policy that insured a home in Hayes County.[20]

The arguments in the Relators' petition also ignore what appears to us to be a fatal flaw with their argument about the intended reach of section 15.011. That's because section 15.032, one of the venue statutes the Relators relied in the trial court, is a permissive venue provision that created permissive venue for a homeowner's suit against a homeowner's carrier to be filed in more than just the county where the property is located.[21] Thus, we cannot agree that the Legislature intended to create a mandatory rule for suits against fire insurance carriers like Mountain Valley for benefits under the policy given the fact that the Legislature opted in section 15.032 to allow homeowners more than one county in which to file the suit.[22]

The conclusion that section 15.011 is not a mandatory venue provision that applies to Stutts' claims that arose under the homeowner's policy issued by Mountain Valley resolves the arguments the parties have raised in a way that is

---

[20] *Allison*, 98 S.W.3d at 241.

[21] *See* Civ. Prac. & Rem. Code Ann. § 15.032 (a permissive venue statute that allows suits against fire insurance companies to be filed in the county where the property is located, in the county where the company's office is located, in the county where the loss occurred, or in the county where the policyholder or policy beneficiary resided when the cause of action accrued).

[22] We reiterate that in their petition for mandamus, the Relators have not argued that the permissive venue rule in section 15.032 controls over the more general permissive venue rule, section 15.011, such that the trial court erred by failing to transfer the suit to Montgomery County based on the application of section 15.032 to the plaintiff's suit.

consistent with the requirements of the Code Construction Act. Under that Act, the courts must harmonize sections of a statute that appear to conflict by allowing both sections to have the meaning the Legislature likely intended.[23] Mountain Valley's construction of section 15.011 would not do that, since it would limit homeowners suing under their insurance policies to sue only in one county when the Legislature intended to give them other options about where they could sue.[24]

The Relators argue that the resolution we have reached of their petition conflicts with the Texas Supreme Court's holding in *Yzaguirre v. KCS Resources, Inc.*[25] In *Yzaguirre*, the Texas Supreme Court addressed the proper venue for claims filed by the lessors under three oil and gas leases. The leases concerned mineral interests in property that is located in Zapata County. The Court was asked to decide whether the venue for the suit was proper in Dallas County or whether, instead, a pre-1995 version of section 15.011 required the lessors to sue the lessee in Zapata County.[26] The Court stated that claims to recover damages under an oil and gas lease are for past and accrued royalties, and as such are properly characterized as claims to recover personal property. The court concluded that as properly characterized, the

---

[23] *See* Tex. Gov't Code Ann. §§ 311.025(b), .026 (requiring courts to harmonize statutes to give effect to both).

[24] *Compare* Tex. Civ. Prac. & Rem. Code § 15.032, *with id*. § 15.011.

[25] *Yzaguirre v. KCS Res., Inc*., 53 S.W.3d 368 (Tex. 2001).

[26] *Id*. at 370-71.

claims did "not involve recovering real property[.]"[27] In a footnote, the Court recognized that the Legislature amended section 15.011 in 1995, and that since that time "[s]uits to recover damages to real property are also subject to mandatory venue under the current version of section 15.011."[28] That said, the opinion expressly characterized the lessors' claims as claims that did not involve recovering real property. Relators argue that in 1995, by amending section 15.011, the Legislature "substantially broadened the statute by requiring that any suit seeking damages to real property [be] brought in the county where the real property is located." Even so, the Court in *Yzaguirre* neither discussed, nor addressed, whether the post-1995 amendment would have changed the Court's view that claims under contracts are actions to recover personal property.

We conclude *Yzaguirre*'s characterization of a claim under a contract as an action for personal property is consistent with our resolution of the petition before us here. Stutts' claims are to recover personal property, not real property, so we agree with the trial court's decision that section 15.011 does not provide the controlling rule that applies in the case. Stated another way, Stutts has not filed an action for damages to real property; instead, his action is for personal property because his suit is based on an insurance policy that he alleges covered the loss. We conclude the

[27] *Id*. at 371.
[28] *Id.* at n.1.

12

trial court did not clearly abuse its discretion when it overruled the Relators' motion to transfer after finding section 15.011 did not apply to Stutts' claims.[29]

The Permissive Venue Ruling

Generally, the appellate courts will not address alleged errors in a permissive venue ruling by deciding the claims on their merits in an original proceeding on a writ.[30] The appellate courts follow this rule because defendants have an adequate remedy through regular appeals to remedy erroneous venue rulings.[31] Mandamus is not the ordinary remedy for most errors, so before the appellate courts will extend relief to a party who petition for a writ of mandamus, the petitioner must show (1) the trial court clearly abused its discretion in the ruling that is challenged, and (2) a regular appeal will be inadequate to cure the alleged error.[32]

Given this two-pronged test, we need not decide whether the trial court erred by finding that all or a substantial part of Stutts' claims arose from the defendants' conduct in Jefferson County. Instead, we focus on whether a regular appeal is adequate.[33] To evaluate whether regular appeals are adequate, we balance the

---

[29] *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).
[30] *See id.* at 840.
[31] *Id.*
[32] *See id*. at 839-40
[33] *Id.*

13

benefits of reviewing the case on its merits now against the detriment of doing so at this time on a less than fully developed record.[34]

Generally, permissive venue rulings are not subject to mandamus review unless the record shows the trial court acted "with such disregard for guiding principles of law that the harm [to the relators] becomes irreparable."[35] Should Stutts fail to prove that there was tortious or wrongful conduct in Jefferson County as it relates to his claims, any judgment he might obtain would be reversed and the Relators will have the opportunity to try the case again in Montgomery County.[36] The Relators did not develop a record to establish the expenses they might reasonably incur by trying the case in Jefferson County. Nor have they shown that no mechanism exists by which they could recover the expenses they may incur in the litigation should they prevail.[37] We conclude the Relators have failed to show

---

[34] *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

[35] *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) (internal citations omitted).

[36] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) ("On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error."); *Union Pac. R.R. Co. v. Cezar*, 293 S.W.3d 800, 819 (Tex. App.—Beaumont 2009, no pet.) (reversing and remanding verdict favoring the plaintiff with instructions based on erroneous venue ruling, awarding the appellant a new trial and requiring the trial court to transfer the case against the appellant after remand from Jefferson County to Harris County).

[37] *See e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 42.004 (providing parties in civil case with rights to recover litigation costs).

that a regular appeal will be inadequate if Stutts fails to establish that permissive venue exists in Jefferson County for the suit.[38]

Conclusion

We hold the Relators may obtain relief from the trial court's permissive venue ruling and the trial court did not abuse its discretion in denying the Relators' joint motion to transfer venue based on the arguments they presented under a mandatory venue statute that does not apply to the claims at issue, claims to recover for damages to personal property arising under a homeowner's policy. For these reasons, the Relators' petition for mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on July 17, 2020
Opinion Delivered September 17, 2020

Before Kreger, Horton and Johnson, JJ.

---

[38] *See id*. §§ 15.002(a)(1), .011, .032, .064(b).